U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 7 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TOMMY WILSON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-857-A |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter

jurisdiction over the above-captioned action.  Therefore, the

court is ordering the action remanded to the state court from

which it was removed.

I.

Background

On November 2, 2012, the above-captioned action was

initiated by plaintiffs, Tommy Wilson and Stacy Wilson-Freeman,

against defendant, Bank of America, N.A., in the District Court

of Tarrant County, Texas, 48th Judicial District.  By notice of

removal filed December 3, 2012, defendant removed the action to

this court, alleging that this court had subject matter

jurisdiction by reason of diversity of citizenship, as

contemplated by 28 U.S.C. § 1332, and that the amount in

controversy exceeded the sum or value of $75,000, exclusive of

interest and costs, as contemplated by § 1332(a).

Defendant contended in the notice of removal that where, as

here, a plaintiff seeks injunctive relief, the value of the

object of the litigation constitutes the amount in controversy,

and further maintained that where a mortgagor seeks to protect

his entire property, the fair market value of the property is the

measure of the amount in controversy.  On that basis, defendant

argued that because plaintiffs' property was appraised at

$136,315, it established that the amount in controversy exceeded

the jurisdictional minimum.

Because of a concern that defendant had not provided the

court with information that would enable the court to find the

existence of the requisite jurisdictional amount, the court

ordered defendant to file an amended notice of removal, together

with supporting documentation, showing that the amount in

controversy exceeds the jurisdictional amount.  Defendant timely

complied with the court's order.

II.

## Basic Principles

The court starts with a statement of basic principles

announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal

subject matter jurisdiction exists and that removal was proper."

Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723

(5th Cir. 2002).   "Moreover, because the effect of removal is to

deprive the state court of an action properly before it, removal

raises significant federalism concerns, which mandate strict

construction of the removal statute."[1]   Carpenter v. Wichita

Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).

Any doubts about whether removal jurisdiction is proper must

therefore be resolved against the exercise of federal

jurisdiction.   Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th

Cir. 2000).

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the defendant or the defendants, to
the district court of the United States for the district and division embracing the place
where such action is pending.

(emphasis added).

3

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt

4

to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims.  Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiffs alleged that they executed a note and deed of trust to secure the purchase of certain property in Arlington, Texas.  The note purportedly identified Countrywide Home Loans, Inc. as the original mortgagee and named Mortgage Electronic Registration Systems, Inc. as a beneficiary of the deed of trust.  Plaintiffs claim there is no record of any assignment of the note and deed of trust to defendant, and plaintiffs now believe the note and deed of trust have become bifurcated.  Although defendant has now moved to foreclose on plaintiffs' property, plaintiffs believe defendant may lack the right or authority to proceed with the foreclosure.

Defendant in the amended notice of removal relies on the same argument set forth in the notice of removal, adding citations to opinions from other district courts, many from other states, in support thereof.  The court is not persuaded by the authorities cited.  The court finds nothing in the amended notice of removal as would establish by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  Therefore, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED December 17, 2012.

JOHN McBRYDE
United States District Judge